# NO. 12-19-00045-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *APRIL MICHELLE GORDON,* *APPELLANT* | *§* | *APPEAL FROM THE 115TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *UPSHUR COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

April Michelle Gordon appeals her conviction for possession with intent to deliver a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of possession with intent to deliver a controlled substance, methamphetamine, in an amount of less than one gram, including any adulterants and dilutants, a state jail felony.[1] Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and her counsel signed various documents in connection with her guilty plea, including a plea bargain agreement. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, found Appellant guilty, and sentenced Appellant to two years of confinement in a state jail facility and a $1,000.00 fine. However, in

---

[1] Tex. Health & Safety Code Ann. § 481.112(a), (b) (West 2017).

accordance with the terms of the plea bargain, the trial court ordered that Appellant's sentence be suspended and that Appellant be placed on community supervision for five years.

Later, the State filed a motion to revoke Appellant's community supervision, alleging that Appellant violated the terms of her community supervision including failing to (1) report to the supervision officer for the months of March, April, and May 2016; (2) to abstain from "injurious and vicious habits" by admitting to the supervision officer to using methamphetamine on February 17, 2016; (3) submit a urine sample for drug/alcohol testing on February 11, 2016, when requested by her supervision officer, leaving the office without permission, and refusing to give a sample; (4) perform four hundred hours of community supervision at not less than twelve hours per month for the months of August 2015 through May 2016, inclusive, resulting in one hundred past due hours; (5) pay supervision fees at the rate of $60.00 per month for January, March, April, and May 2016, resulting in $230.00 past due; (6) pay court assessed fees including $600.00 in attorney's fees, $378.00 in court costs, $180.00 in restitution, and a $1,000.00 fine at the rate of $45.00 per month, resulting in $280.00 past due; (7) successfully complete the Life Skills Class within 180 days of July 10, 2015; and (8) complete the Drug Offender Education Class within 180 days of July 10, 2015.

At the revocation hearing, Appellant pleaded "true" to paragraphs 1, 2, 4, 5, 6, 7, and 8. Appellant pleaded "not true" to paragraph three. Chris Brown, a supervisor with the Upshur County Supervision and Corrections Department (the Department), testified that he supervised Appellant's community supervision and stated that he or someone in his department explained the terms and conditions of Appellant's community supervision to her. According to Brown, Appellant last reported to him on February 11, 2016, when he attempted to perform a random drug test on Appellant, but she resisted. He informed Appellant that she must remain in the office until she could give a urine sample to one of the female officers. Neither he nor the female officer indicated to Appellant that she was free to leave. After Appellant left without permission, Brown texted her to return and left a message on her telephone that if she did not do so, it would be a refusal to submit to drug testing. He contacted Appellant later and requested that she submit to drug testing on February 17, 2016. Appellant did so, tested positive for methamphetamine, and admitted using methamphetamine. Appellant's next appointment was scheduled for March 8, 2016, and she was notified by an appointment card and by text message. However, Appellant failed to report in March 2016. Even after the Department notified Appellant by letter of her failure to

report, she did not contact Brown.  After three months of failing to report, the Department considered Appellant to be an "absconder" and filed a warrant for her arrest.

Regarding Appellant's failure to perform four hundred hours of community supervision at not less than twelve hours per month for August 2015 through May 2016, Brown believed Appellant may have worked eight or nine hours, including a safety meeting and one day of community service.  Brown stated that Appellant is delinquent on $3,970.00 of her fee payments, and did not complete the Life Skills Class or the Drug Offender Education Class.

Barbara Ann Conley Garner, Appellant's grandmother, testified Appellant's adult son is a special needs child.  Appellant's son is mobile, but is nonverbal, unable to feed himself, suffers from seizures, and needs 24-hour care with medications and a feeding tube.  Garner believed that Appellant may have been at the hospital with her son during the months when she was considered to be an "absconder."  She stated that Appellant provides some of her son's 24-hour care.

Appellant testified that she believed she had been given permission to leave without submitting to drug testing on February 11, 2016.  She stopped reporting to her community supervision officer because her son developed aspirated pneumonia, suffered a seizure, and had to be hospitalized at Children's Hospital for three months.  When she returned home, she discovered the letter from the Department.  Appellant testified she did not make any effort to contact the Department because she was her son's only caregiver and did not want to take the chance of going to jail.  Appellant admitted to having alcohol issues in the past.  Further, she admitted that she cared for her son when she was drinking and on drugs.

After the revocation hearing, the trial court found all but one of the allegations to be "true," granted the State's motion to revoke community supervision, and assessed Appellant's punishment at confinement in a state jail facility for twenty months.[2]  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  From our review of

---

[2] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than one hundred and eighty days, and a fine not to exceed $10,000.00.  TEX. PENAL CODE ANN. § 12.35 (West 2019).

counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-19-00045-CR**

**APRIL MICHELLE GORDON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 16,965)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and, Neeley, J.*